United States District Court
Southern District of Texas

**ENTERED**

March 11, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCA GARCIA A/N/F OF A.U., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01350 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Wal-Mart Stores Texas, LLC's ("Defendant" or "Wal-Mart") Motion for Summary Judgment, (Doc. No. 15), Plaintiff Francisca Garcia A/N/F of A.U.'s ("Plaintiff") Response, (Doc. No. 17), and Defendant's Reply, (Doc. No. 18). Having reviewed these documents, the record, and the applicable law, the Court hereby GRANTS Defendant's Motion for Summary Judgment. (Doc. No. 15).

### BACKGROUND

This case concerns an incident that occurred at one of Defendant's stores located at 9235 North Sam Houston Parkway East, Humble, Texas 77396. On August 6, 2022, Plaintiff's son A.U. allegedly slipped and fell from scattered school supplies on the floor of Wal-Mart. Plaintiff alleges A.U. suffered injuries from the fall.

This case was originally filed in the 270th Judicial District Court of Harris County, Texas. *See* (Doc. No. 1-2). Defendant then removed the case to this Court based on diversity jurisdiction. (Doc. No. 1). Defendant now seeks summary judgment, contending that each of Plaintiff's claims lack evidence and fail as a matter of law.

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## ANALYSIS

### A. Plaintiff's Negligence Claim

Plaintiff asserts both negligence and premises liability claims in her Petition. (Doc. No. 1-2 at 4–5). Defendant, however, contends that, under Texas law, "a person injured on another's property has either a negligent activity claim *or* a premises liability claim." (Doc. No. 15 at 4–5).

Generally, there are two negligence-related theories upon which a plaintiff may recover from a premises owner: general negligence and premises liability. Although a person injured on another's property may have both a negligence claim and a premises liability claim against the property owner, the two are "independent theories of recovery, and a finding of one will not suffice to create liability for the other." *Cobarrubias v. Lowe's Home Centers, LLC*, 2023 WL 5729941, at *5 (S.D. Tex. Sept. 4, 2023) (citing *Clayton W. Williams. Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)). Plaintiffs cannot pursue both a negligence claim and a premises liability claim based on the same injury. *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 197 (5th Cir. 2014), certified question answered, 465 S.W.3d 193 (Tex. 2015).

"[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010). As such, when an injury is the result of a condition created by the defendant's activity, rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Brown v. Wal-Mart Stores Texas, L.L.C.*, 2023 WL 4354225, at *2 (S.D. Tex. July 5, 2023) (citing *Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied), 988 S.W.2d 740 (Tex. 1998)).

Defendant argues that Plaintiff's negligence claim should be dismissed because A.U. alleges "he slipped due to scattered school supplies on the floor – a condition of the premises." (Doc. No. 15 at 5). Defendant asserts that since there was "no contemporaneous, negligent activity by any Walmart employee occurring at the time of the fall," Plaintiff's claims sound in premises liability. (*Id.*). In response, Plaintiff avers that the images from Wal-Mart's surveillance video depict "a cluttered sales floor and cardboard boxes lying on the floor" in the area where A.U. fell. (Doc. No. 17 at 2). Plaintiff appears to argue that this condition was the result of a "congested aisle packed with temporary back-to-school displays and stacks of merchandise" and "loose school supplies . . . displayed in open bins stacked above knee level." (*Id.*). As such, Plaintiff essentially concedes that A.U.'s fall did not occur contemporaneously with a Wal-Mart employee's activity. Instead, it was the result of a condition created by the alleged negligent activity of Wal-Mart. Therefore, Plaintiff is not entitled to bring a negligent activity claim as a matter of law. Defendant's Motion for Summary Judgment is granted as it relates to Plaintiff's active negligence claim.

### B. Plaintiff's Premises Liability Claim

To succeed on a premises liability claim, Plaintiff must prove four elements: (1) that Defendant had actual or constructive knowledge of the condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that Defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) that Defendant's failure to use such care proximately caused Plaintiff's injuries. *See Wal-Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998).

Defendant contends Plaintiff does not have evidence to raise a fact issue with respect to several elements of this claim: (1) Plaintiff provides "no evidence to suggest there was any condition that posed an unreasonable risk of harm;" and (2) Plaintiff cannot show that Defendant

4

had actual or constructive notice of any scattered school supplies or any other condition on the aisle floor. (Doc. No. 15 at 7–11).

### 1. Unreasonable Risk of Harm

The duty a premises owner owes to its invitees is not that of an insurer, meaning a condition is not deemed unreasonably dangerous simply because an invitee gets hurt. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162–63 (Tex. 2007). A determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific and there is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm. *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). Generally, "[a] condition presenting an unreasonable risk of harm is defined as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Id.* Evidence of other falls attributable to the same condition or evidence of the defectiveness of the condition could be probative but not conclusive on this element. *Dietz v. Hill Country Restaurants*, 398 S.W.3d 761, 766 (Tex. App.—San Antonio 2011, pet aff.); *Seideneck*, 451 S.W.2d at 754.

Defendant contends that Plaintiff is "unable to raise a genuine dispute as to any material fact that there was any condition that posed an unreasonable risk of harm." (Doc. No. 15 at 7). Defendant provides its surveillance video of the school supplies section of Wal-Mart as evidence. Specifically, Defendant maintains that, as seen on the video, A.U. and other children began to "horseplay in the store by pushing each other around" and then two children, including A.U., ran out of the frame of the video, returning seconds later with A.U. "holding his head." *See* (Doc. No. 15-1 at 1:54:33–1:54:57). Defendants avers that "[t]here is nothing about the condition of the floor

that could have caused Walmart to foresee an incident similar to Plaintiff's occurring." (Doc. No. 15 at 7).

In response, Plaintiff asserts that Wal-Mart's provided images and surveillance video show "a congested aisle packed with temporary back-to-school displays and stacks of merchandise;" "narrow" aisles with "loose school supplies" displayed in "open bins stacked above knee level;" "multiple customers and children crowded between display racks;" and "a cluttered sales floor" with "cardboard boxes lying on the floor." (Doc. No. 17 at 2). As such, Plaintiff maintains that "[a] reasonable jury could conclude from these images that the configuration of displays and merchandise created an unreasonably dangerous condition." (*Id.*). Further, Plaintiff contends that Wal-Mart "actively promoted back-to-school supplies and invited children to pick out supplies." (*Id.* at 3). This invitation to "shop in an area overflowing with loose merchandise," Plaintiff alleges, makes it foreseeable that "children would move quickly or run to retrieve items," causing injury. (*Id.*).

The Court finds several issues with Plaintiff's argument. First, having reviewed the surveillance video and images, the Court does not see *any* indication of cardboard boxes, school supplies, or other merchandise on the actual floors. *See* (Doc. No. 15-1) ("Video Footage of Back-to-School Department taken on August 6, 2022"); (Doc. No. 15-2 at 3) (a photo of the video footage at 1:53:03, showing Plaintiff, A.U., and other children in an aisle); (Doc. No. 15-2 at 5) (a photo of the video footage at 1:54:31, seconds before A.U. ran off camera). More importantly, even if Wal-Mart's video and images showed items on the aisle floors, A.U. allegedly fell and struck his head in a different area *off* camera – far away from where these supplies were displayed. Indeed, the video merely depicts A.U. and his cousin running down one aisle, disappearing for a

6

brief period, and then re-appearing an aisle over, with A.U. already holding his head. *See* (Doc. No. 15-1 at 1:54:32–1:54:57).

Thus, the surveillance video and images do not, and cannot, establish whether A.U. fell due to the alleged items on the floor or that he fell at all. Further, A.U. himself testified that he did not recall seeing anything on the floor when he slipped and he did not know what he slipped on. *See* (Doc. No. 15-3 at 10:12–20). Plaintiff similarly testified that she did not see what her son slipped on, he did not tell her what he slipped on, and, ultimately, she did not know what he slipped on. *See* (Doc. No. 15-4 at 22:9–24). A.U. very well may have fallen merely from running in the aisle, just as his cousin in the black shirt seemingly does earlier in the video. *See* (Doc. No. 15-1 at 1:54:32).

Plaintiff, therefore, provides no evidence of any school supplies, cardboard boxes, or other merchandise on the aisle floor causing A.U.'s fall. In contrast, Defendant has, at least, provided surveillance video and images showing the school supplies area and the lack of items on the floor. The surveillance video establishes that A.U.'s fall occurred outside the frame of the camera, meaning Plaintiff cannot use the video as evidence of what caused A.U.'s fall. Plaintiff has, therefore, not provided evidence of *any* condition on the floor and cannot raise a fact issue on that element. Accordingly, Defendant has demonstrated the absence of a genuine issue of material fact regarding any condition on the aisle floor posing an unreasonable risk of harm.

Since Plaintiff has not provided evidence of any condition at Wal-Mart that posed an unreasonable risk of harm, Plaintiff has failed to establish an essential element of her premises

liability claim.[1] As such, Plaintiff's premises liability claim fails as a matter of law. The Court grants Defendant's Motion for Summary Judgment regarding Plaintiff's premises liability claim.

### C. Plaintiff's Failure to Maintain Claim

Defendant contends that Plaintiff's failure to maintain claim fails as a matter of law because "Texas courts have held that failure to inspect claims fail absent any evidence of constructive notice." (Doc. No. 15 at 11). Defendant relies on *Richardson v. Wal-Mart Stores, Inc.*, another slip and fall case against Wal-Mart, to argue that "[a]bsent evidence of the length of time that the substance had been on the floor, there can be no inference that any increased level of inspecting or cleaning by Wal-Mart would have discovered and remedied the condition." 963 S.W.2d 162, 166 (Tex. App.—Texarkana 1998, no pet.); (Doc. No. 15 at 12). Defendant maintains that Plaintiff "has no evidence that any additional monitoring of the store would have discovered the condition on the ground because there is no evidence as to the length of time it was on the floor." (Doc. No. 15 at 12).

In response, Plaintiff asserts that Wal-Mart misstates the standard for constructive notice, arguing that Plaintiff need not provide "direct evidence showing how long the spilled supplies were on the floor" but rather can "rely on circumstantial evidence, including the conspicuousness of the hazard and employee proximity." (Doc. No. 17 at 7). Plaintiff maintains that the hazard of school supplies and boxes in the walkway was "conspicuous and existed for some time during which employees and customers traversed the aisle." (*Id.*). Plaintiff provides her own testimony that she and her family shopped for about an hour and a half in the school-supply area and that

---

[1] Defendant also asserts that Plaintiff has not provided evidence that Defendant had actual or constructive notice of any condition on the floor. *See* (Doc. No. 15 at 7–11). The Court need not address this argument for the purposes of this Motion since Plaintiff has failed to establish the necessary element of a condition posing unreasonable risk of harm.

they were still waiting in line to pay when A.U. fell, as evidence of the temporal element. *See* (Doc. No. 17 at 3, 8); (Doc. No. 15-4 at 20:12–15, 21:2–8) (Deposition of Francisca Garcia). Further, Plaintiff avers that the surveillance images show that employees and other customers repeatedly traversed the aisle. (*Id.* at 3).

Plaintiff also notes that Deborah Chenevert, a Wal-Mart employee, testified that Wal-Mart relied on a "reactive 'see-it, own-it' system for spills and debris" where maintenance staff inspected the store throughout the day. (Doc. No. 17 at 4); (Doc. No. 17-1 at 15:21–16:6). Chenevert testified that Wal-Mart did not keep logs showing what areas the maintenance staff had inspected, (Doc. No. 17-1 at 17:12–16), and Plaintiff argues "this lack of documented inspections" could be viewed as "evidence that Walmart failed to implement adequate safety protocols." (*Id.*).

As previously discussed, the Court has not been provided with any evidence that any school supplies or cardboard boxes were in fact on the floor of the Wal-Mart aisles or that they caused a fall. Again, viewing the surveillance video and images, the Court did not see any indication of items on the floor in the visible aisles. Since the area where A.U. fell was in a different part of the store and off camera, there is no evidence that there were any items on the floor in that area, much less for how long they may have been there.

Regardless, Plaintiff's allegations concerning Defendant's failure to maintain the premises is a claim for premises liability because "premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners,* 307 S.W.3d at 776 (holding that a failure to properly use security resources was properly submitted to the jury on a premises-liability theory). As such, the Court finds that Plaintiff's failure to maintain claim is thereby dismissed because it is subsumed by her premises liability claim. To the extent it is not subsumed by the premises claim, Plaintiff offers no evidence of any negligence by Wal-

Mart or its employees. Accordingly, the Court grants Defendant's Motion for Summary Judgment regarding Plaintiff's failure to maintain claim.

### D. Plaintiff's Gross Negligence Claim

Defendant asserts that Plaintiff's gross negligence claim fails because "Plaintiff has no evidence to establish that Walmart committed gross negligence; that Walmart authorized or ratified an agent's gross negligence; that Walmart was grossly negligent in hiring an unfit agent; or that Walmart committed gross negligence through the actions or actions of a vice-principal." (Doc. No. 15 at 14). Plaintiff does not address Defendant's argument in her Response. *See* (Doc. No. 17). In her Petition, Plaintiff merely asserts that Defendant's actions described above constitute gross negligence. (Doc. No. 1-2 at 6).

To succeed on a gross negligence claim, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim *and* demonstrate clear and convincing evidence of "an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *Austin*, 746 F.3d at 196 n.2; *State v. Shumake*, 199 S.W.3d 279, 286 (Tex. 2006). "[W]hat separates ordinary negligence from gross negligence is the defendant's state of mind; in other words, the plaintiff must show that the defendant knew about the peril, but his actions or omissions demonstrate that he did not care." *Louisiana–Pacific Corp. v. Andrade,* 19 S.W.3d 245, 246–47 (Tex. 1999).

As established above, Plaintiff has not provided evidence satisfying the elements of her premises liability claim. Specifically, Plaintiff did not show that there was any condition at Wal-Mart that posed an unreasonable risk of harm. Accordingly, Plaintiff has also failed to satisfy the elements of her gross negligence claim. *Austin*, 746 F.3d at 196 n. 2 (requiring plaintiff to satisfy

10

the elements of a premises liability claim to succeed on a gross negligence claim). Defendant is entitled to summary judgment on Plaintiff's claim for gross negligence.

### E. Plaintiff's Negligent Hiring, Training, Supervision, and Retention Claim

Lastly, Defendant argues that Plaintiff's negligent hiring, training, supervision, and retention claim fails because it is rooted in negligence and, as established above, a negligence claim is a separate, distinct theory of recovery from a premises liability claim. *See* (Doc. No. 15 at 14). Since Plaintiff's claims "lie solely in premises liability," Defendant avers that this claim must fail. (*Id.*). Plaintiff does not respond to this argument in her Response. Her Petition generally recites the elements of the claim. *See* (Doc. No. 1-2 at 6).

As previously mentioned, Plaintiff cannot pursue both negligence and premises liability claims based on the same injury. *Austin*, 746 F.3d 191 at 197. Plaintiff's claims result from a condition created by the alleged negligent activity of Wal-Mart, meaning they sound in premises liability. As a result, just as her negligence claim failed, so too does her claim for negligent hiring, training, supervision, and retention. *Shelton v. Wal-Mart Stores Tex., LLC*, 2024 WL 3744402, at *2 (S.D. Tex. Aug. 8, 2024) (citing *Medina v. Costco Wholesale Corp.*, 2024 WL 1122054, at *2 (N.D. Tex. Mar. 14, 2024) (stating that "claims for respondeat superior and negligent hiring, retention, training, and supervision fail where the plaintiff fails to allege a contemporaneous activity")). Moreover, Plaintiff has not brought forth any evidence of negligence in hiring, training, supervision, or retention, nor has she produced any evidence of causation related to this claim.

Accordingly, Defendant's Motion for Summary Judgment is granted regarding Plaintiff's negligent hiring, retention, training, and supervision claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 15). This matter is hereby dismissed with prejudice. A final judgment will issue separately.

Signed on this __11__ day of March 2026.

Andrew S. Hanen
United States District Judge